UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20940-CIV-MORENO/Torres

ZAMORA RADIO, LLC,

      Plaintiff,

v.

LAST.FM LTD; CBS RADIO INC.; CBS
CORP.; SLACKER, INC.; PANDORA
MEDIA, INC.; RHAPSODY AMERICA LLC;
REALNETWORKS, INC.; DKCM, INC. d/b/a
JANGO; SOUNDPEDIA, INC.; AOL, LLC;
ACCURADIO, LLC; and YAHOO! INC.,

      Defendants.
_____/

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO SET CLAIM CONSTRUCTION SCHEDULE

Defendants CBS Radio Inc. ("CBS"); Pandora Media, Inc. ("Pandora"); Rhapsody America LLC ("Rhapsody"); RealNetworks, Inc. ("Real"); AOL, LLC ("AOL"); and Yahoo! Inc ("Yahoo!") (collectively referred to herein as "Defendants") hereby file this Reply in support of their Motion to Set Claim Construction Schedule ("the Motion") [D.E. 75], filed on August 11, 2009. Defendants seek a claim construction briefing and hearing schedule within the confines of the Court's existing pretrial and trial schedule. On August 14, 2009, Plaintiff Zamora Radio, LLC ("Zamora") filed its Response (the "Response") [D.E. 77].

As stated in the Motion, it is beyond dispute that claim construction proceedings are preferable in patent litigation to narrow the issues and efficiently prepare the litigation for dispositive motions and trial. Zamora itself initially agreed to such proceedings. The conclusory

arguments Zamora presents in its one-page Response do not support a contrary result.

To the extent Zamora contends the Order Continuing Trial and Pretrial Deadlines ("the Order Continuing Trial") [D.E. 67] was determinative of the question of whether claim construction proceedings will be ordered in this case, Zamora is mistaken. Defendants do not request reconsideration of the Order Continuing Trial, as suggested by Zamora, nor do they seek to disturb any of the deadlines contained in that Order. As Defendants noted in the Motion, they understand that the Order Continuing Trial was a standard scheduling order for civil matters setting the main boundaries of the schedule and the trial date. Nothing therein suggests the Court intended that there would not be claim construction proceedings in this patent case, which is common in this District and to which the parties had agreed.

Moreover, all pretrial matters have been referred to Magistrate Judge Torres [D.E. 33]. Such matters include claim construction proceedings, and will be ordered and conducted within Judge Torres's discretion. Accordingly, the issue of whether claim construction proceedings should be held has not been decided and falls within the purview of Magistrate Judge Torres as directed by the Court.

Zamora also contends that claim construction proceedings should not be conducted in this case, because they are not mandated by the law of the Federal Circuit. *See* Response (citing *Ballard Medical Products v. Allegiance Healthcare Corp.*, 268 F.3d 1352, 1358 (Fed. Cir. 2001)). While not mandatory, as Defendants argued extensively in the Motion, in this case such proceedings will be beneficial to the Court as well as to the parties. Holding claim construction proceedings is far from controversial. They are standard practice in patent cases, including those litigated in this District. *See, e.g., Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, Case No. 05-61225-CIV, 2008 WL 2477666, at *1 (S.D. Fla. Jun. 18, 2008) (Marra, J.) (order on claim construction

2

following briefing and *Markman* hearing); *Rothschild Trust Holdings, LLC v. Citrix Systems, Inc.*, 491 F. Supp. 2d 1105, 1108 (S.D. Fla. 2007) (King, J.) (same); *Craig v. Foldfast, Inc.*, 487 F. Supp. 2d 1364, 1365 (S.D. Fla. 2007) (Moore, J.) (same); *Biovail Laboratories Int'l SRL v. Abrika, LLP*, Case No. 04-61704-CIV, 2006 WL 6111777, at *1 (S.D. Fla. Aug. 24, 2006) (Altonaga, J.) (same).[1] Claim construction is necessary in the interest of judicial economy and the private interests of the litigants and should be ordered.

Defendants respectfully request the Court grant the Motion and set deadlines for a claim construction briefing schedule and select a date for a *Markman* hearing.

Dated: August 17, 2009                    Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

CHARLES K. VERHOEVEN
LEAD COUNSEL
Cal. Bar No. 170151
charlesverhoeven@quinnemanuel.com
JENNIFER A. KASH
Cal. Bar No. 203679
jenniferkash@quinnemanuel.com
RICHARD H. DOSS
Cal. Bar No. 204078
richarddoss@quinnemanuel.com
LINDA J. BREWER
Cal. Bar No. 217730
lindabrewer@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

By:  /s/ Edward M. Mullins

---

[1] In *Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*, Case No. 00-07067-CIV, 2005 WL 6225432 (S.D. Fla. June 13, 2005) (Dube, J.), Judge Moreno, after entering a standard scheduling order but before entering an order of reference to the magistrate, granted a motion for a *Markman* hearing and referred those proceedings to the magistrate. This case was already referred to the Magistrate, and Defendants seek a similar procedure.

Case No. 09-20940-CIV-MORENO/Torres

Edward M. Mullins,
Florida Bar No. 863920
Chalon T. Allen
Florida Bar No. 0573507
ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.

701 Brickell Avenue, 16th Floor
Miami, Florida 33131-2847
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Emullins@astidavis.com

**ATTORNEYS FOR YAHOO! INC., RHAPSODY AMERICA LLC, and REALNETWORKS, INC.**


By: /s/ Matthew P. Becker
J. Pieter van Es: pvanes@bannerwitcoff.com
Matthew P. Becker: mbecker@bannerwitcoff.com
Richard S. Stockton: rstockton@bannerwitcoff.com
Thomas J. Lerdal: tlerdal@bannerwitcoff.com
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: 312.463.5000
Fax: 312.463.5001

Bruce J. Berman (FBN 159280)
bberman@mwe.com
Samuel M. Sheldon (FBN 0054088)
ssheldon@mwe.com
MCDERMOTT WILL & EMERY LLP
201 South Biscayne Boulevard, Ste. 2200
Miami, FL 33131-4336
Tel: 305-347-6530
Fax: 305-347-6500

**ATTORNEYS FOR DEFENDANT PANDORA MEDIA, INC.**


By: /s/ Edward Soto
Fla. Bar No. 265144
edward.soto@weil.com
Weil, Gotshal & Manges LLP

4

Case No. 09-20940-CIV-MORENO/Torres

    1395 Brickell Avenue, Suite 1200
    Miami, FL 33313
    (305) 577-3177 (Telephone)
    (305) 374-7159 (Facsimile)

    Edward R. Reines
    edward.reines@weil.com
    Stefani C. Smith
    stefani.smith@weil.com
    Weil, Gotshal & Manges LLP
    201 Redwood Shores Parkway
    Redwood Shores, CA 94065
    (650) 802-3000 (Telephone)
    (650) 802-3100   (Facsmile)

    Robert S. Berezin
    robert.berezin@weil.com
    Andrew S. Brown
    andrew.brown@weil.com
    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, NY 10153
    (212) 310-8000 (Telephone)
    (212) 310-8007 (Facsimile)

    **ATTORNEYS FOR DEFENDANTS CBS RADIO INC.; CBS CORP.; and AOL, LLC**

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

Case No. 09-20940-CIV-MORENO/Torres

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 17, 2009, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via electronic transmission of Notices of Electronic Filing generated by CM/ECF.

By: _____/s/  Edward M. Mullins_____

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.