# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-20940-CIV-TORRES

ZAMORA RADIO, LLC,

      Plaintiff,

vs.

LAST.FM LTD.; CBS RADIO INC.; CBS
CORP.; SLACKER, INC.; PANDORA
MEDIA, INC.; RHAPSODY AMERICA
LLC; REALNETWORKS, INC.; DKCM,
INC. d/b/a JANGO, SOUNDPEDIA,
INC.; AOL, LLC; ACCURADIO, LLC;
and YAHOO!, INC.,

      Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant AccuRadio, LLC's ("AccuRadio")

Motion to Dismiss Plaintiff  Zamora Radio, LLC's ("Zamora") Original Complaint for

patent infringement [D.E. 1], pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal

jurisdiction over defendant AccuRadio [D. E. 226]. We have considered the motion,

response, and reply thereto, and the record in this case. The Court hereby grants

AccuRadio's Motion to Dismiss for the following reasons.

## I.   BACKGROUND

### A.   *Procedural Background*

On April 9, 2009, Zamora filed a Complaint against twelve defendants,

including AccuRadio, for infringement of United States patent No. 6,349,339 ("the patent") in the Southern District of Florida [D.E. 1]. The patent was issued on February 19, 2002 and features a system and method for utilizing data packets, including audio, video, and text. According to the patent, the patent invention is:

> A server arrangement of the system provides the data packets to a user computing arrangement of the system. A storage device of the user computing arrangement stores the data packets. The data packets are arranged in a predetermined order using the server arrangement and/or the user computing arrangement. The user computing arrangement executes a set of instructions to utilize the data packets in the predetermined order. A user of the user computing arrangement is prevented from modifying the predetermined order.

After the Court vacated default judgment previously entered against Accuradio, AccuRadio filed on October 20, 2010 a motion to dismiss the complaint because AccuRadio did not have sufficient minimum contacts with Florida for the Court to exercise personal jurisdiction under the Due Process clause [D.E. 226]. On November 8, 2010, Zamora filed a response and argued that: (1) the Court has personal jurisdiction over AccuRadio under a Fed. R. Civ. P. 4(k)(1) analysis; (2) the Court has personal jurisdiction over AccuRadio under a Fed. R. Civ. P. 4(k)(2) analysis; and (3) the Court should order expedited discovery on the jurisdictional issues raised [D.E. 230]. AccuRadio then filed a reply on November 19, 2010, reiterating that: (1) Zamora has failed to carry its burden to establish jurisdictional face; (2) Zamora has not shown that jurisdictional discovery is warranted; and (3) the balance of hardships supports granting AccuRadio's Motion to Dismiss.

**B.**   *Facts Material to the Motion*

The facts here are based upon the allegation included in the Plaintiff's Original Complaint for patent infringement ("Compl.") and the documents attached thereto [D.E. 1]. Plaintiff Zamora is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Delaware. Compl. at ¶ 2. Zamora states in its Complaint that it is the owner of all rights, title, and interest in and to the patent, including the right to sue. Compl. at ¶ 2.

Defendant AccuRadio is a limited liability company organized and existing under the laws of the State of Delaware, with its principle place of business located at 400 North Wells Street, Suite 408, Chicago, Illinois 60610. Compl. at ¶ 13. AccuRadio owns, operates, or otherwise controls Internet media websites, including, for example, http://www.accuradio.com/. Compl. at ¶ 30. AccuRadio.com operates as a multichannel Internet radio station that offers multiple, genre-specific channels of music programming via its website [D.E. 226-1 at ¶ 3]. Zamora argues that this Court has personal jurisdiction over AccuRadio because AccuRadio "has conducted and done business within the State of Florida" in that it "ships, distributed, offers for sale, sells, advertises, and utilizes its products and services in the United States, the State of Florida, and the Souther District of Florida." Compl. at ¶ 17. Further, Zamora alleges that AccuRadio has "purposefully and voluntarily placed one or more of its infringing products and services . . . into the stream of commerce with the expectation that the infringing products and services will be utilized in the Southern District of Florida," and "has committed the tort of patent infringement within the State of Florida, and

more particularly, within the Southern District of Florida." Compl. at ¶ 17.  AccuRadio has also, allegedly, contributed to the infringement of one or more claims of the patent, and/or actively induced others to infringe one or more claims of the patent, in this District and elsewhere in the United States. Compl. at ¶ 44.

AccuRadio responds in its Motion to Dismiss that "Zamora does not . . . allege a single fact to show that the Court may exercise personal jurisdiction over AccuRadio," and that "AccuRadio does not have sufficient minimum contacts with Florida for an exercise of personal jurisdiction to comport with Due Process." [D.E. 226]. AccuRadio further argues that "AccuRadio's sole contact with Florida is its website" and that "AccuRadio does not direct any advertising or marketing efforts for its services to Florida." *Id.* Accordingly, AccuRadio concludes that "Zamora cannot establish that AccuRadio has purposefully directed its activities to Florida based on its website and Internet radio service." *Id.*

## II.   ANALYSIS

### A.   *Applicable Principles*

Defendant AccuRadio contends that this Court lacks personal jurisdiction over it because AccuRadio does not have sufficient minimum contacts with Florida.  In doing so, AccuRadio does not challenge jurisdiction under Florida's long-arm statute and focuses exclusively on its argument that exercising personal jurisdiction does not satisfy the requirements of Fifth Amendment Due Process. [D.E. 234].

Federal Circuit law governs the issue of whether a court has personal jurisdiction over a defendant in a patent infringement claim. *Roblor Marketing Group,*

*Inc. v. GPS Industries, Inc.*, 645 F. Supp. 2d 1130, 1137 (S.D. Fla. 2009) (citing *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003)). Federal Rule of Civil Procedure 12(b)(2) allows a dismissal of a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). However, "in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction." *Roblor Mktg. Group. Inc.*, 645 F. Supp. 2d. at 1137 (citing *Elecs. For Imaging, Inc.*, 340 F.3d at 1349).

"Once the plaintiff pleads sufficient material facts to form the basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings." *Structural Panels, Inc. v. Texas Aluminum Indus., Inc.*, 814 F. Supp. 1058, 1064 (M.D. Fla. 1993) (stating the burden of proof in a patent infringement action) (citation omitted). "If the defendant sufficiently challenges plaintiff's assertions, then the plaintiff must affirmatively support its jurisdiction allegations and may not merely rely upon the factual allegations set forth in its complaint." *Id*.

### 1. *The Florida Long-Arm Statute*

"When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs us to look to the state long-arm statute in order to determine the existence of personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-627 (11th Cir. 1996) (citing *Cable/Home Commc'n v. Network Prod's*, 902 F.2d 829, 855 (11th Cir. 1990)). The Florida "long-arm" statute permits the courts to exercise

jurisdiction over nonresident defendants who commit certain specific acts. Fla. Stat. § 48.193. For example, § (1)(b) of the statute permits a Florida court to assert jurisdiction over any person who "commit[s] a tortious act within this state." Fla. Stat. § 48.193(1)(b). Jurisdiction is available over AccuRadio under this section of the Florida statute because patent infringement is a tortious act within the meaning of the Florida long-arm statute. *In re Farmland Industries, Inc. v. Potash Corp.*, No. 3:05- cv-587-J-32MCR, 2007 WL 1018367, at *2 (M.D. Fla. Mar. 20, 2007) (citing *Elite Aluminum Corp. v. Trout*, 451 F. Supp. 2d 1311, 1314 (S.D. Fla. 2006)). Additionally, patent infringement occurs wherever an allegedly infringing product is sold, offered for sale, and/or used. 35 U.S.C. § 271(a). Further, under Federal Circuit law, the tort of patent infringement causes injuries wherever infringement occurs. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005).

In this case, although AccuRadio does not challenge jurisdiction under the long-arm statute, presumably because the alleged infringement occurred in Florida by virtue of the website's widespread accessibility in this state. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1283-1284 (11th Cir. 2008). Assuming therefore that the Complaint has sufficiently pled jurisdiction under the long-arm statute, the Court must address whether the Due Process Clause of the Fifth Amendment to the United States Constitution allows for jurisdiction in this case.  *See, e.g., Kemin Foods, L.C. v. Omniactive Health Tech.*, Inc., 654 F. Supp. 2d 1328, 1334 (M.D. Fla. 2009) (explaining that where a defendant's conduct falls within the forum's long-arm statute, the

existence of personal jurisdiction over the defendant is not proper unless it comports with Due Process).

### 2.   *Due Process*

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). "[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008) (citing *Int'l Shoe Co.*, 326 U.S. at 316). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The defendant's conduct and connection with the forum state have to be such "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

These principles are applied differently to different forms of personal jurisdiction, specific and general. Specific jurisdiction attaches only to suits arising from a defendant's contact within the forum, whereas general jurisdiction can more broadly attach to suits unrelated to defendant's contacts with the forum. *Roblor Mktg.*

*Group. Inc.*, 645 F. Supp. 2d at 1138 (citing *Helicopteros Nacionalesde Colombia, S.A. v. Hull*, 466 U.S. 408, 414-415 n. 8-9 (1984)). We find that neither basis for jurisdiction exists on the present record.

### B.   *Specific Jurisdiction*

Where specific jurisdiction is asserted, the inquiry is "whether: (1) the defendant purposefully directed its activities towards residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Avocent Huntsville Corp.*, 552 F.3d at 1332.

### 1.   *Activity Purposefully Directed to the Residents of the Forum*

Defendant AccuRadio is a limited liability company organized and existing under the laws of the State of Delaware, with its principle place of business located in Chicago, Illinois. Compl. at ¶ 13. AccuRadio is not licensed to do business in Florida and does not have any contracts with vendors located in Florida [D.E. 226-1 at ¶ 13, 14]. As AccuRadio's brick-and-mortar assets are out of Florida, we must determine if AccuRadio purposefully targeted its commercial activity to the residents of Florida. Because AccuRadio does not appear to have any physical contacts with Florida, AccuRadio could have only targeted Florida residents through its website, which is accessible in this State.

In establishing jurisdiction based on the existence of a website, some courts have accepted that a "highly transaction-oriented website" may by itself give rise to personal jurisdiction, referring to the influential "sliding scale" analysis adopted by one district court. *See Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275,

1281(Fed. Cir. 2005). *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.* explained the

sliding scale analysis as follows:

> [T]he likelihood that personal jurisdiction can be constitutionally
> exercised is directly proportionate to the nature and quality of
> commercial activity that an entity conducts over the Internet. This
> sliding scale is consistent with well developed personal jurisdiction
> principles. At one end of the spectrum are situations where a defendant
> clearly does business over the Internet. If the defendant enters into
> contracts with residents of a foreign jurisdiction that involve the knowing
> and repeated transmission of computer files over the Internet, personal
> jurisdiction is proper. At the opposite end are situations where a
> defendant has simply posted information on an Internet Web Site which
> is accessible to users in foreign jurisdictions. A passive Web site that does
> little more than make information available to those who are interested
> in it is not grounds for the exercise of personal jurisdiction. The middle
> ground is occupied by interactive Web sites where a user can exchange
> information with the host computer. In these cases, the [propriety of the]
> exercise of jurisdiction is determined by examining the level of
> interactivity and commercial nature of the exchange of information that
> occurs on the Web site.

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa 1997).

This sliding scale analysis assesses the sufficiency of the minimum contacts by

measuring the degree of activity or passivity of the website. *Roblor Mktg. Group. Inc.*,

645 F. Supp. 2d at 1139. Following this analysis, AccuRadio's website occupies the

"middle ground" and qualifies as "interactive." The website is not entirely active

because AccuRadio is not a membership or subscriber service and any member of the

public in any state can access AccuRadio's website, free of charge, and use its Internet

radio service without creating an account or registering to use the service [D.E. 226-1

at ¶ 4, 6]. Specifically, users do not have to download a program onto their computers

to access and listen to music [D.E. 226-1 at ¶ 8].  Further, AccuRadio does not direct

its advertising or marketing efforts for its service to any particular state [D.E. 226-1 at ¶ 5].

AccuRadio's website is not passive either as the website allows visitors to sign up for a newsletter, contact the website via a feedback form, and allows visitors to "build [their] own channel" by requesting that AccuRadio combine multiple channels into a single stream [D.E. 226-1 at ¶ 9-10, 24].  Accordingly, under the sliding scale analysis, AccuRadio's level of interactivity falls under the "middle ground."

When a website is interactive, the exercise of jurisdiction is determined by examining (1) "the level of interactivity" and (2) "the commercial nature of the exchange of information that occurs on the Web Site." *Zippo Mfg. Co.*, 952 F. Supp. at 1124. Here, the level of interactivity is low and is not purposefully directed to the residents of Florida. *See, e.g., Roblor Mktg. Group. Inc.*, 645 F. Supp. 2d at 1148-1152 (explaining that the level of interactivity was low, even though the defendant's website features free downloadable Florida golf courses and allows users to enroll in a newsletter program).

In this Court's Order denying Last.fm's Motion to Dismiss, we found that (1) Last.fm users are shown "concert listings in your area" without prompting; (2) Last.fm invites users to download MP3s and view music videos; and (3) Last.fm invites users to search for and listen to music by specific artists [D.E. 140 at 20].  Here, AccuRadio users are not provided with local information about concert events and do not download music directly from AccuRadio's website [D.E. 226-1 at ¶ 19].  Further, users cannot listen to a particular song or artist at a particular time and no user of AccuRadio's

service can customize the programming on AccuRadio's Internet radio service in a way that changes the way programming is run on any channel at any particular time [D.E. 226-1 at ¶ 24]. Instead, AccuRadio users are limited to searching and listening to music by specific artist and are generally bound by the pre-created AccuRadio channels that merely play those artists in a pre-selected rotation [D.E. 226-1 at ¶ 24]. Although AccuRadio offers a service by which users may "build your own channel," this service merely allows users to request that AccuRadio combine multiple channels into a single stream and does not permit users to: (1) change the order of programming; (2) alter the time at which programming of a particular channel runs; or (3) listen to a particular song or artist at a particular time [D.E. 226-1 at ¶ 24]. Accordingly, these factors make AccuRadio substantially less interactive than Last.fm and, in particular, substantially less targeted to users in the Southern District of Florida.

One district court, which adopted the sliding scale of interactivity as one factor among others to define the purposeful availment factor, reached the same conclusion on a case with similar facts. *Minn. Pub. Radio v. Va. Beach Edu. Broad. Found., Inc.*, 519 F. Supp. 2d 970 (D. Minn. 2007). In *Minn. Pub. Radio*, a trademark infringement case, the plaintiff alleged that the defendant maintained sufficient minimum contacts with Minnesota because the defendant took affirmative steps to establish a presence on the Internet that included live audio streaming, a blog, and an online store, that were all available to Internet users in the Minnesota forum. *Id.* at 976. In applying the sliding scale analysis, the court first established that the defendant's internet presence fell somewhere in the middle category of the continuum recognized by the *Zippo* Court,

primarily because users could listen to streaming live audio, post comments, and subscribe to a blog. *Id.* Next, the court analyzed whether the defendant's web presence was sufficiently interactive, and commercial, to have placed the defendant on notice that it could be subject to jurisdiction in Minnesota. *Id.* In doing so, the court found that the defendant's website offered free streaming audio broadcasts and were not downloaded onto the listener's computer. *Id* at 977. Further, the plaintiff made no showing that the defendant deliberately marketed its streaming audio service to Minnesota. *Id.* Consequently, the court held that the plaintiff failed to sustain its burden in demonstrating the existence of sufficient minimum contacts with Minnesota so as to permit the extension of personal jurisdiction. *Id.* at 980.

We find this analysis persuasive and yields a similar result here. AccuRadio's users can only listen to streaming live audio, post comments, and subscribe to a newsletter. There is no evidence to suggest that AccuRadio has directed its advertising or marketing efforts for its service to the State of Florida. Hence, with a low level of interactivity and lack of purposeful availment, we find that personal jurisdiction would not be warranted under a sliding scale analysis.

Plaintiff Zamora argues to the contrary that jurisdiction is proper because: (1) AccuRadio provides hyperlinks to advertisements and other commercial activity; (2) AccuRadio allows users to sign up for a newsletter; (3) AccuRadio provides local Florida advertisements; and (4) AccuRadio's website allows users to post feedback on the AccuRadio website.

Several courts have recognized that the mere presence of a hyperlink to a third-party website is insufficient to establish personal jurisdiction. *See Jackson v. Cal. Newspapers P'ship*, 406 F. Supp. 2d 893, 898 (N.D. Ill. 2005) (holding that "[p]osting hyperlinks to websites housing national information is not enough to give us personal jurisdiction over the owners and operators of *www.dailybulletin*"); *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 29 (2d Cir. 1997) (holding that a hyperlink to a club actually located in New York was insufficient to establish personal jurisdiction under New York's long-arm statute in a trademark infringement case); *Enterprise Rent-A-Car Co. v. Stowell*, 137 F. Supp. 2d 1151, 1159 (E.D. Mo. 2001) (stating "this Court declines to find that a link to [a third-party] site supports personal jurisdiction where otherwise it is lacking"); *Neomedia Tech. Inc. v. Airclic, Inc.*, No. 04 C 566, 2004 WL 848181, at *6 (N.D. Ill. Apr. 16, 2004) (stating that due to the almost universal accessability of the Internet, if we were to confer personal jurisdiction based on defendant's hyperlink to a non-forum "active" website, it would establish precedent that any website owner who hyperlinks to a website that conducts business online would be susceptible to personal jurisdiction in every state).

Yet Zamora contends that jurisdiction is proper because the AccuRadio website "is rife with hyperlinks and advertisements and other commercial activity with Amazon.com, Internet Explorer, etc."  In response, the Defendant more persuasively argues that the presence of hyperlinks to national, unaffiliated third-party websites is insufficient to subject AccuRadio to personal jurisdiction in Florida. We agree because, without a more definitive showing, these hyperlinks are not specifically

directed to residents of Florida. Furthermore, granting jurisdiction solely based on hyperlinks to third parties would set a troubling precedent that would subject any e-commerce entrepreneur to jurisdiction in a particular forum just for offering national and un-targeted advertising or banner space on his or her website. That result would not comport with traditional notions of fair play and substantial justice in the modern internet world. It likewise does not satisfy the type of minimum contact that due process requires.

Plaintiff Zamora also contends that jurisdiction in Florida is proper because AccuRadio purposefully directs its activities to Florida by allowing visitors to its website to sign up for an electronic newsletter [D.E. 230 at 12]. Although this feature increases AccuRadio's level of "interactivity," it does not do so to a degree that would sufficiently provide a basis for personal jurisdiction in Florida. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3rd Cir. 2003) (stating that "[a]s for the electronic newsletters and other email correspondence, telephone communication or mail sent by defendant [do] not trigger personal jurisdiction if they do not show purposeful availment"); *Dymatize Enter. Ltd. v. Reflex Nutrition Ltd.*, No. 3:07-CV-907-M, 2008 WL 151021, at *6 (N.D. Tex. Jan. 17, 2008) (explaining that visitors' ability to subscribe to electronic newsletters on defendant's website does not increase the site's level of interactivity sufficiently to provide a basis for jurisdiction under the sliding scale); *Mavrix Photo, Inc. v. Brand Tech., Inc.*, No. CV 09-2729 PSG, 2009 WL 3063062, at *6 (C.D. Cal. July 17, 2009) (holding that although the defendant's website allows users to post comments, join newsletters, upload images, and purchase tickets via third

parties, there are insufficient contacts to warrant the exercise of personal jurisdiction under the sliding scale analysis).

Through this Court's review of the website, it now seems that AccuRadio.com requires a user to submit his first name and zip code when registering for the newsletter, contrary to what the Defendant stated on October 20, 2010 in its Motion to Dismiss [D.E. 226 at 2]. It appears that this newsletter requirement was changed at some point between the motion to dismiss and today. However, there is no evidence showing that AccuRadio collects specific data about user location and uses the information to purposefully target Florida residents. Therefore, we conclude that the fact that any member of the general public may sign up for and receive AccuRadio's newsletter is insufficient to conclude that AccuRadio has purposefully directed its activities to Florida.

Plaintiff Zamora also contends that personal jurisdiction is proper because AccuRadio's website provides advertisements for products and services in the State of Florida and in the Southern District, including, ads for Norwegian Cruise Lines that include travel to Southern Florida and the Bahamas, Disney World, and the Cayman Islands [D.E. 230 at 12]. Although Defendant AccuRadio concedes that some of AccuRadio's ad-serving vendors may display different commercial ads to different viewers of AccuRadio's site based on the viewer's location, we agree that these advertisements are not for AccuRadio's service and AccuRadio merely provides banner advertising space on its website for unrelated products and services. *See Family Watchdog, LLC v. Schweiss*, No. 6:09-cv-296-Orl-28CJK, 2009 WL 2151152, *5 (M.D.

Fla. July 13, 2009) (stating that "[w]hile the . . .Defendants may have an agreement regarding the posting of [NAR]'s ad, that arrangement does not render [NAR] their 'middleman' or amount to 'doing business in Florida'" for the purposeful availment analysis); *Dynetech Corp. v. Leonard Fitness*, 523 F. Supp. 2d 1344, 1347 (M.D. Fla. 2007) (holding that "the fact that the website of a company that sells products in Florida can be reached via a link on Defendants' website is too narrow a thread on which to find a meaningful "contact' for the purposes of due process."); *see also David White Instruments, LLC. V. TLZ. Inc.*, 2003 U.S. Dist. LEXIS 8375, at *16 (N.D. Ill 2003) (stating that national advertisements (including those on the internet) that do not specifically target Illinois are insufficient to subject a defendant to jurisdiction here) (citing *Aero Products Int'l, Inc. v. Intex Corp.*, 64 U.S.P.Q.2d 1772, 1777 (N.D. Ill. 2002)).

If it were otherwise, all media outlets that feature advertisements may become subject to personal jurisdiction in any state regardless of whether they have actually directed their own business activities to the forum. Additionally, Plaintiff Zamora has failed to prove that AccuRadio's ad-serving vendors have actually run ads directed to residents of Florida. Without such a showing, this Court cannot find that AccuRadio has purposefully availed itself of the privilege of conducting activities in Florida.

Lastly, Plaintiff Zamora argues that jurisdiction is proper because AccuRadio's website allows users to post feedback on the AccuRadio website [D.E. 230 at 12]. AccuRadio responds by stating that although the feedback form permits visitors to initiate correspondence with AccuRadio, AccuRadio does not direct its activities to

Florida merely by receiving or responding to this user-initiated contact [D.E. 226 at 11]. AccuRadio also states that AccuRadio does not require or request that a user identify his or her location when submitting feedback and does not collect or maintain data about the feedback it receives from residents of any particular state [D.E. 226 at 11]. Upon a detailed review, this Court finds that merely providing a forum for customers to contact the company does not constitute the kind of interactivity required to support the exercise of personal jurisdiction over an out of state defendant. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 337 (5th Cir. 1999) (finding personal jurisdiction lacking where "AAAA's website provides an e-mail address that permits consumers to interact with the company" but "[t]here is no evidence . . . that allows AAAA to do anything but reply to e-mail initiated by website visitors"); *see also Neomedia,* 2004 WL 848181 at *4-*5 (holding that the defendant's website, although it allows users to submit contact information to defendant's website and then receive information pertaining to its products and services, did not specifically target Illinois consumers and was therefore insufficient to establish specific or general jurisdiction).

In sum, the AccuRadio website reflects a low quality of commercial activity; visitors cannot purchase products or download music and are primarily limited to live streaming audio. Moreover, Plaintiff has not established that (1) Florida constitutes a principal consumer base for AccuRadio's service; (2) AccuRadio.com makes any reference to Florida, or directs visitors to any Florida establishments; (3) AccuRadio has engaged in any print, radio, television, or Internet advertising targeting Florida residents; or (4) AccuRadio has in any way specifically encouraged Florida residents

to visit AccuRadio.com. Hence, alleged patent infringement does not confer specific jurisdiction over Defendant AccuRadio under a pure sliding scale analysis.

We add, however, while the Eleventh Circuit has discussed the sliding scale analysis and criticisms surrounding it, it declined to express any firm opinion as to its applicability. *Roblor Mktg. Group. Inc.*, 645 F. Supp. 2d at 1141-1142. As a result, the district courts in the Eleventh Circuit are split on the issue. Some have applied *Zippo* as persuasive precedent, whereas other Florida courts have departed from the *Zippo* approach, arguing that "website interactivity may have some bearing on the jurisdictional analysis, but it is not determinative." *Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, 1125 (M.D. Fla. 2006).

In *Roblor Mktg. Group, Inc.,* this Court joined in the criticism of over-reliance on the sliding scale of interactivity analysis. *Roblor Mktg. Group. Inc.*, 645 F. Supp. 2d. at 1141-1142. Instead, we analyzed the purposeful availment requirements under a more traditional approach, identifying the key element to the due process analysis as foreseeability. *Id.* at 1142. Under the foreseeability analysis, personal jurisdiction over a nonresident defendant exists if "[t]he defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp.*, 444 U.S. at 297. There must be some degree of predictability "that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.*

Under this broader traditional analysis, however, the outcome is the same because AccuRadio could not have foreseen being haled in Florida. AccuRadio is not licensed to do business in Florida and has no actual interaction with Florida. AccuRadio does not maintain an address, office, equipment, documents or employees in Florida. AccuRadio is 100% advertisement based and there is no charge for accessing or using its Internet radio service. There is no evidence that AccuRadio has directed its advertising or marketing efforts for its service to the State of Florida. Further, AccuRadio does not provide local information about concert events and users do not download music from AccuRadio's website. It is simply not reasonable to find that AccuRadio could have predicted being haled in Florida due to the mere accessibility of its website throughout the country without record evidence of continuous availment to Florida, or without manifest attempts to target users in Florida. *See, e.g., Instabook Corp.,* 469 F. Supp. 2d at 1127 (holding that the defendant could not reasonably anticipate being haled into court in Florida based on its operation of interactive websites accessible in Florida and its sales to two Florida residents when there is no indication of targeting or solicitation of Florida residents . . .).

In this Court's Order denying Last.fm's Motion to Dismiss, we held that Florida was a predictable forum over Last.fm because "the website is accessible in this State and in this district and allows Florida residents to knowingly and purposefully download computer files over the Internet" [D.E. 140 at 21]. "Without a showing otherwise, there is ample reason to find that Florida residents have in fact downloaded and used Last.fm's services." *Id.* Thus, Last.fm "could have foreseen being haled in

Florida." *Id.*  Conversely, AccuRadio users do not have to download a program to access and listen to AccuRadio's programming and AccuRadio users do not download music from AccuRadio's website [D.E. 226-1 at ¶ 8, 19].  Further, AccuRadio's website is not specifically directed at Florida consumers and local information about concert events is not provided on AccuRadio's website [D.E. 226-1 at ¶ 18-19]. Accordingly, AccuRadio's conduct and connection with Florida are such that it would not reasonably anticipate being haled into court here.

Even assuming *arguendo* that the first prong of the traditional due process inquiry was met, we would still need to satisfy the second and third prongs to assert specific jurisdiction over AccuRadio. They too have not been met in this case.

### 2.   *AccuRadio's Forum-Related Activities*

To assert specific jurisdiction, the claim asserted by Zamora must arise out of AccuRadio's forum-related activities. However, there is no evidence of forum-related activities by AccuRadio, except through its website. Although the patent infringement claim in Zamora's Complaint directly revolves around the website's use of products and services that utilize the system and methods covered by the patent at issue, this Court has found that AccuRadio's website alone cannot confer a basis for jurisdiction in this forum. Therefore, this Court finds that AccuRadio's Florida-related activities are insufficient to meet the second prong of this inquiry.

### 3.   *Reasonableness and Fairness*

Additionally, even if Plaintiff Zamora had established minimum contacts, exercise of jurisdiction over Defendant AccuRadio would offend traditional notions of

reasonableness and fairness. "With respect to the last prong, the burden of proof is on the defendant, which must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court in *Burger King*." *Avocent Huntsville Corp.*, 552 F.3d at 1332; *Burger King*, 471 U.S. at 477. The five *Burger King* factors to weigh are: (1) "the burden on the defendant;" (2) "the forum State's interest in adjudicating the dispute;" (3) "the plaintiff's interest in obtaining convenient and effective relief;" (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and (5) the "shared interest of the several States in furthering fundamental substantive policies." *Id.*

There is little evidence to suggest that the structure of AccuRadio's organization would make it reasonable and fair to litigate in this forum. Alternatively, AccuRadio has shown that it is a small business with 4 full-time and 6 part-time employees and that the CEO, Kurt W. Hanson, acts as CEO, sale's manager, marketing director, and the programmer of over 100 of its internet radio channels [D.E. 226-1 at ¶ 20, 21]. Further, Hanson is the only member of AccuRadio's management team with the experience and authority to work with counsel on litigation of this case [D.E. 226-1 at ¶ 22]. Unlike Last.fm, which is a subsidiary and co-defendant of CBS Corp., a major entity, AccuRadio is not a subsidiary of any other defendant.

The burden on AccuRadio, which is a small company from Illinois, of defending the case here in Florida would be substantial, despite modern technology. *See Roblor Mktg. Group. Inc.*, 645 F. Supp. 2d at 1143 (holding that the burden on the Defendant

to litigate in Florida would be substantial given that the Defendant is a very small business and has few contacts with Florida). Although Plaintiff Zamora's interest in obtaining relief may be significant, this Court finds no reason to conclude that Florida would have a significant interest in adjudicating a matter which involves a company with no contact with the State of Florida. As previously stated, Zamora Radio, LLC is a limited liability company organized and existing under the laws of the State of Delaware and maintains its principal place of business in Wilmington, Delaware. We conclude that this is not a situation where Florida has a great concern in adjudicating the dispute. *See Response Reward Systems, L.C. v. Meijer, Inc.*, 189 F. Supp. 2d 1332, 1339 (M.D. Fla. 2002) (holding that "[t]he mere fact that Defendant's website is accessible to Florida residents is not enough to give Florida a significant interest in adjudicating the matter" and "[i]f that were the case, the State of Florida would have interest in virtually every lawsuit that arose from an interest site, a fact that would go against the interests of the interstate judicial system and the fundamental substantive social policies of the states.").

In sum, we find that the burden on AccuRadio to litigate in Florida would be substantial given that AccuRadio is a very small business and that Florida lacks a significant interest in adjudicating this matter. Accordingly, we conclude that this Court lacks specific personal jurisdiction over AccuRadio in this action. AccuRadio's Motion to Dismiss on this basis should be granted.

### C.   *General Jurisdiction*

"[I]n the context of patent infringement litigation, an assertion of general jurisdiction requires that the defendant have 'continuous and systematic' contacts with the forum state, and that such activity will confer[ ] [general] personal jurisdiction even when the cause of action has no relationship with those contacts." *Avocent Huntsville Corp.,* 552 F.3d at 1331-32. "[T]hese contacts must be 'so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely different from those activities.'" *In re Farmland Indus. Inc.,* 2007 WL 1018367 at *3 (citing *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.,* 62 Fed.Appx. 322, 337 (Fed.Cir. 2003)). This Court has found that "continuous and systemic" contacts with Florida do not exist when the defendant: (1) is not licensed to do business in Florida and does not carry out business in Florida; (2) does not maintain an address, office or employees in Florida; (3) does not have a physical presence of any kind in Florida; (4) does not direct any advertising or marketing at Florida; and (5) maintains "a website that is not specifically directed at the customers of the state where plaintiff seeks jurisdiction." *Roblor Mktg. Group. Inc.,* 645 F. Supp. 2d at 1144, 1156-57.

There is nothing in the record evidencing AccuRadio's continuous and systematic contacts with Florida. AccuRadio is not licensed to do business with Florida and has no address, office, or employees in Florida [D.E. 226-1]. AccuRadio has never had any physical presence of any kind in Florida and has never directly advertised in Florida. *Id.* AccuRadio's only contact with Florida is its website, which is not specifically

directed at Florida consumers. *Id.* The maintenance of a website that is not specifically directed at the customers of the state where plaintiff seeks jurisdiction cannot give rise to general jurisdiction. *Trintec Indus., Inc.*, 395 F.3d at 1275. Therefore, this Court finds that AccuRadio does not have continuous and systematic contacts with Florida and that general jurisdiction cannot be asserted over AccuRadio.

Accordingly, we find that under the due process clause we cannot exercise specific or general jurisdiction over AccuRadio. AccuRadio's Motion to Dismiss, based on lack of personal jurisdiction, must then be granted.

### D. *Request for Jurisdictional Discovery*

We turn finally to Plaintiff Zamora's argument that "in the event that this Court determines that even further information is necessary, this Court should exercise its discretion and permit Plaintiff to conduct discovery on the jurisdictional issue raised" [D.E. 230 at 17]. A plaintiff "must provide the Court with some showing establishing the need for jurisdictional discovery" in order to obtain it. *Vision Media TV Group, LLC v. Forte*, 724 F. Supp. 2d 1260, 1267 (S.D. Fla. 2010). The plaintiff's request for jurisdictional discovery must set forth the specific information sought that will establish personal jurisdiction. *Id.*

Here, the Plaintiff's request for jurisdictional discovery failed to set forth the specific information sought that will establish personal jurisdiction. *Id.* The Plaintiff made a vague request for jurisdictional discovery, stating that "[d]iscovery will undoubtedly reaffirm the minimum contacts already known and uncover additional facts supporting jurisdiction, including, inter alia, the extent of AccuRadio's

participation in activities related to the infringing Internet media website products and services in the United States, including Florida" [D.E. 230 at 17]. The Plaintiff did not explain which aspect of "AccuRadio's participation in activities related to the infringing Internet media website" will specifically establish personal jurisdiction over AccuRadio in Florida. In sum, the Plaintiff makes no request for specific information from the Defendant to establish personal jurisdiction. *See Instabook Corp.*, 469 F. Supp. 2d at 1127 (denying request for jurisdictional discovery when requesting party "had only generally requested jurisdiction discovery, without explaining how such discovery would bolster its contentions").

In addition, Plaintiff Zamora's assertion of its request for jurisdictional discovery as an alternative basis for denying AccuRadio's Motion to Dismiss is procedurally defective; Zamora must move the Court to grant the jurisdictional discovery it seeks. *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1280-1281 (11th Cir. 2009) (denying jurisdictional discovery where "UTC never formally moved the district court for jurisdictional discovery, but, instead, buried such requests in its briefs as a proposed alternative to dismissing APM on the state of the current record").

Similarly, as an alternative to granting AccuRadio's Motion to Dismiss, Plaintiff Zamora proposed that the Court allow the Plaintiff to conduct discovery, but failed to do with specificity. Without a more definitive showing, we conclude that Plaintiff Zamora did not establish originally that jurisdictional discovery was warranted. And, in its Opposition, Plaintiff Zamora chose not to address, much less rebut, AccuRadio's facts and for the most part, ignores AccuRadio's arguments completely. *See Bernardele*

*v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009) (explaining that jurisdiction discovery is favored where there is a genuine dispute concerning jurisdictional facts necessary to decide the question of personal jurisdiction"). Accordingly, in the absence of a "genuine dispute" on a material jurisdictional fact, Zamora's request for jurisdictional discovery is denied on the pending motion.

On the other hand, in fairness, the Court's post-briefing review of the website now evidences an additional factor not previously addressed by either party: AccuRadio's requirement of a name and zip code for the newsletter subscription. Although we are skeptical whether that fact makes any difference, we believe that Accuradio should be permitted to consider that question and obtain discovery, if truly necessary, to address it. Thus, we will grant the pending motion but defer entering a final order on AccuRadio's jurisdictional issue for thirty days. In that time, Plaintiff can elect to schedule a 30(b)(6) deposition to explore this new fact or any other matter relevant to the Defendant's jurisdictional arguments. If that information allows the Plaintiff to materially strengthen its position, it can then move for reconsideration.

Otherwise, if the Plaintiff elects to stand on the present finding and record, the Plaintiff shall notify the Court and parties through a request for entry of a final order and of dismissal and final judgment of the remaining claims and parties. Such a request will, of course, be deemed to preserve any argument Plaintiff wishes to raise on appeal from those final orders.

* * *

### III.  CONCLUSION

Based on the foregoing record and analysis, AccuRadio's Motion to Dismiss Zamora's complaint for lack of personal jurisdiction over Defendant AccuRadio is GRANTED.  A final Order of dismissal of all claims against AccuRadio will be entered in thirty days unless otherwise Ordered.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of June, 2011.


　　　　　　　　　　　　　　　 /s/   *Edwin G. Torres*　　　　　　
　　　　　　　　　　　　　　　EDWIN G. TORRES
　　　　　　　　　　　　　　　United States Magistrate Judge